LYNCH, Chief Judge.
This is a sentencing appeal by the government. On January 11, 2012, defendant Fernando Crespo-Ríos, then aged 46, pled guilty to two crimes: (1) transferring obscene material to a minor, and (2) possessing child pornography. The Probation Office calculated a guideline sentencing range between 70 and 87 months, and a term of supervised release between 5 years and life. On August' 15, 2013, the district court sentenced the defendant to imprisonment for the time that he had already served — which amounted to 13 days — and 15 years of supervised release. The government appeals this sentence as substantively unreasonable. Because the district court failed to provide an adequate explanation as required by law for this extraordinary variance, we vacate the sentence and remand the matter for resen-tencing. Of course, in remanding,’ we do not express any opinion as to what the sentence should be.
I.
From August 2007 to April 2008, the defendant communicated online with a Special Agent of the FBI, who was posing as a twelve-year-old Puerto Rican girl. Despite being informed of her age, the defendant’s conversations were explicitly sexual in nature. The defendant “used a web camera to transmit to the ‘minor’ on several occasions apparently live images of his genital area and his erect penis.” He also “repeatedly encourage[d]'the ‘minor’ to engage in sexual activities with him or for him.” He suggested that the minor “masturbate, model a g-string for him, exchange underwear with him, bathe him, engage in sex or oral sex with him, watch pornographic films before having sex, and have his child.” He asked the minor to meet him, or to transmit images of herself.
Based on information learned from these chats, federal agents secured a search warrant for the defendant’s home and computer. During their search, the FBI found between 300 and 600 images of child pornography. “[T]he images contained bondage, oral sex with ejaculation, adults penetrating children and children performing sex with other children.” In addition, the FBI found a video that “shows a girl of approximately thirteen (13) years old, that has been tied by her neck, ankles and wrists, while an adult performed oral, vaginal and anal sex.”
The defendant was indicted on May 29, 2008, for knowingly possessing both still *36 images and movie files of minors engaged in sexually explicit conduct, and knowingly attempting to transfer obscene material to someone who was under the age of 16. He was arrested the next day, and remained in jail until he posted a secured bond of $100,000 on June 13, 2008, when he was released to home incarceration. On September 16, 2008, the magistrate judge modified the conditions of the defendant’s release from home incarceration to home detention with electronic monitoring. On August 3, 2010, the magistrate judge eliminated home detention and electronic monitoring, and imposed a curfew.
On January 11, 2012, Crespo-Ríos entered a straight plea to both counts of the indictment.[1] The district court held a sentencing hearing over a year later, on January 30, 2013. In the Presentence Investigation Report (“PSR”), the Probation Office had calculated a guideline sentencing range between 70 and 87 months imprisonment, and identified no bases for a departure or a variance. Crespo-Ríos requested a downward variant sentence of time served, arguing that he had a low risk of recidivism, that registering as a sex offender is a significant additional punishment, and that U.S.S.G. § 2G2.2 is an “extremely flawed Guideline.” In response, the government asked the court to sentence the defendant in accordance with the applicable sentencing guidelines, between 70 and 87 months.
At the sentencing hearing, the defendant introduced a psychological evaluation from Dr. José Méndez, dated August 22, 2009. The district court ordered an updated psy-chosexual report “[bjecause the only way that I’m going to be able to either depart or go to a variance in this case is for me to be satisfied at this time that defendant does not pose a threat to society in the sense of coming forward and doing anything to children.” The sentencing hearing was rescheduled as a result.
The second sentencing hearing was held on August 15, 2013. Dr. Vanessa Berrios Méndez, who completed the requested psy-chosexual report, testified about her findings. When the court asked about the defendant’s risk of recidivism, Dr. Berrios responded: “I believe that the risk is low as long as he goes to treatment.... [a]nd if he controls his substance abuse.” The defendant re-iterated his arguments for a sentence of time served, particularly emphasizing the .evidence of his low risk of recidivism. The government asked the district court to consider the other factors in 18 U.S.C. § 3553(a), including the need to consider the seriousness of the offenses, to promote respect for the law, to provide just punishment, and to avoid sentencing disparities among similarly situated individuals.
Ultimately, the district court granted the requested variance and sentenced the defendant to the time that he had already served — 13 days. The defendant was also sentenced to 15 years of supervised release with, among other conditions, no access to the internet, a requirement that he register as a sex offender, and a requirement that he participate in sex offender treat *37 ment.[2] By way of explanation, the district court stated:
[T]he Court considers that there are some factors in this case that are salient, and those are the personal history and characteristics of the defendant as well as the potential for rehabilitation. And in view of this conclusion of the psycho-sexual assessment report, the Court in this case will enter into or grant a variance in this case.
The court’s exclusive focus was on the personal history and characteristics of the defendant. Although the court later mentioned that the “offense” was “very serious,” it did not explain how it had factored that into its § 3553(a) analysis. And the court offered no explanation about its ultimate view on the need for general deterrence or the potential for sentencing disparities. When the government objected, the district court explained that it “ha[d] taken into consideration all the evidence that is really on the record, and it consid-erad] that in this particular case and taking into account the individualization of this defendant, the sentence [was] justified.” Although district courts must provide a written statement of reasons for any sentence outside the recommended guideline range, see 18 U.S.C. § 3553(c)(2), the district court did not do so here. The government now appeals, arguing that the defendant’s sentence is substantively unreasonable.
II.
We review the substantive reasonableness of the sentence imposed for abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). “There is rarely, if ever, a single correct sentence in any specific case.” United States v. Santiago-Rivera, 744 F.3d 229, 234 (1st Cir.2014). Instead, we ask “whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences.” United States v. King, 741 F.3d 305, 308 (1st Cir.2014). Generally speaking, a sentencing court must explain the reasoning behind the sentence it chooses.[3] See United States v. Fernández-Cabrera, 625 F.3d 48, 53 (1st Cir.2010). And, we will find no abuse of discretion if “the court has provided a plausible explanation, and the overall result is defensible.” United States v. Torres-Landrúa, 783 F.3d 58, 68 (1st Cir.2015) (citation and internal quotation marks omitted).
There is no dispute that a district court can vary, even dramatically, from a guideline sentencing range based on the factors enumerated in § 3553(a). See Gall, 552 U.S. at 49-50, 128 S.Ct. 586. Nevertheless, “the fact that a sentencing court possesses the raw power to deviate from the guidelines does not mean that it can (or should) do so casually.” United States v. Martin, 520 F.3d 87, 91 (1st Cir.2008).
*38 Importantly, if the district court “decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.” Gall, 552 U.S. at 50, 128 S.Ct. 586. The justification presented should be commensurate with the degree of the variance such that “a major departure should be supported by a more significant justification than a minor one.” Id; see also Martin, 520 F.3d at 91 (noting “a certain ‘sliding scale’ effect ... in the penumbra of modern federal sentencing law”); cf. United States v. Ofray-Campos, 534 F.3d 1, 42-44 (1st Cir.2008) (vacating and remanding for resen-tencing because the district court’s explanation — while sufficient to warrant a variance — “was not sufficiently compelling to support” a sentence more than 24 years above' the guideline range). When faced with an inadequate explanation, “it is incumbent upon us to vacate, though not necessarily to reverse^] the decision below to provide the district court an opportunity to explain its reasoning at resentencing.” United States v. Gilman, 478 F.3d 440, 446-47 (1st Cir.2007) (citations and internal quotation marks omitted).
In this case, the district court varied from 70 months (the low end of the guideline range) to 13 days (the time already served) for two serious crimes. When explaining its decision to impose an extreme variance' to an essentially non-incarcerative sentence, the district court focused exclusively on the defendant’s potential for rehabilitation and low risk of recidivism. The district court did not explain how it had weighed the other factors laid out in § 3553(a), or why this particular sentence was appropriate in light of these factors. Critically, there is no explanation of how this sentence reflects the seriousness of the crimes committed, avoids sentencing disparities, promotes general deterrence, or promotes respect for the law.
These factors cannot be left out of the sentencing calculus in cases like this. In United States v. Milo, 506 F.3d 71 (1st Cir.2007), for example, we explained:
Full contrition and even a zero risk of re-offense engage major concerns of sentencing;, incarceration is then perhaps not needed, to reform that individual, to protect the community from him and to deter him from committing new offenses. But punishment is also meant to deter others, affirming the seriousness of the crime and the penalties that others will likely face and the difficulty of avoiding punishment.
Id. at 76. There, we held that the weight given to contrition, an indicator for rehabilitation, could not justify the district court’s decision to sentence the defendant to time served (18 days) when the PSR calculated a guideline sentencing range of 151 to 188 months for a drug trafficking offense. Id. at 72-73, 76-77; see also Martin, 520 F.3d at 94 (citing Milo as an example of the limits on a district court’s rebanee on rehabilitation).
To be clear, we do not decide whether the sentence imposed in this case is substantively unreasonable. We reach only the antecedent question of whether the district court provided an adequate explanation for such a, large variance.- It did not.[4] The court’s explanation focused on the defendant’s own potential for rehabilitation to the exclusion of other important sentencing factors. The district court’s *39 explanation is incomplete, and hence inadequate, to justify the extent of the variance imposed.
In other circumstances, we have filled in the gaps in a district court’s reasoning by looking to the arguments made by the parties or laid out in the PSR. See United States v. Turbides-Leonardo, 468 F.3d 34, 40-41 (1st Cir.2006); see also United States v. Dávila-González, 595 F.3d 42, 48-49 (1st Cir.2010). Nevertheless, “there are limits.” Gilman, 478 F.3d at 446; see also United States v. Perazza-Mercado, 553 F.3d 65, 75 (1st Cir.2009). We are unwilling to infer that the court adequately considered the other § 3553(a) sentencing factors from the record in this case for two reasons.
First, and consistent with Supreme Court precedent in this area, the extent of the variance requires a more significant justification that must be m^de explicit. See Gall, 552 U.S. at 50, 128 S.Ct. 586. We note that there is no “mathematical formulation” to apply in this analysis. See id. at 49, 128 S.Ct. 586. Nor is there a presumption that such variances are unreasonable. See id. at 47, 128 S.Ct. 586. Rather, we hold, as did the Supreme Court, that major variances in either direction must be accompanied by an adequate explanation of the reasoning. See id. at 50, 128 S.Ct. 586; see also Peugh v. United States, — U.S. —, 133 S.Ct. 2072, 2084, 186 L.Ed.2d 84 (2013) (citing Gall, 552 U.S. at 51, 128 S.Ct. 586).
Accordingly, we have repeatedly advised sentencing courts that “[t]he level of detail required varies depending on the circumstances.” United States v. Madera-Ortiz, 637 F.3d 26, 31 (1st Cir.2011) (citation and internal quotation marks omitted). A “sentence[ ] that fall[s] inside a properly calculated guideline sentencing range require[s] a lesser degree of explanation than those that fall outside the guideline sentencing range.” Turbides-Leonardo, 468 F.3d at 41. The greater explanation required for a greater variance must be made on the record “to allow for meaningful appellate review and to promote the perception of fair sentencing.” See Gall, 552 U.S. at 50, 128 S.Ct. 586; see also United States v. Arango, 508 F.3d 34, 47 (1st Cir.2007) (stating that “[a]n explanation in open court also furthers the weighty goals of transparency and credibility for the justice system”).
This explanation requirement applies regardless of the direction of the variance— up or down. See Turbides-Leonardo, 468 F.3d at 41. In this case, a more thorough explanation was required since the district court varied so dramatically to a non-incar-cerativé sentence without explicitly articulating its evaluation of factors other than rehabilitation. The same would hold true .if, for example, a district court varied upwards despite a much lower guideline sentencing range without an adequate explanation of its consideration of all relevant factors. See, e.g., United States v. Franquiz-Ortiz, 607 F.3d 280 (1st Cir.2010) (per curiam). Indeed, in United States v. Medina, 779 F.3d 55 (1st Cir.2015), we have just vacated two of a defendant’s conditions of supervised release and remanded for resentencing since the conditions of release were inadequately justified. See id. at 62-64, 71-73.
Second, the district court’s consideration of the neglected factors is far from self-evident from the record here. Indeed, at the second sentencing hearing, the government argued that “the focus should not only be rehabilitation,” and asked that the sentence imposed “be one that also promotes respect for the law, takes into consideration the seriousness of this offense, and considers what is the just punishment that should be provided for the offense.” The district court did not conduct an on- *40 the-record evaluation of these factors, which are explicitly set forth in § 3558(a). Rather, it agreed only that “you have to take into account the personal history and characteristics of the defendant,” and did not repeat the other factors. It erroneously stated that it was “not so sure that [the message sent to society] is one of the criteria.” Yet, “public confidence in enforcement of the law is itself a value” recognized in § 3553(a). See Milo, 506 F.3d at 76; see also 18 U.S.C. § 3553(a)(2) (requiring sentences “to promote respect for the law” and “to afford adequate deterrence to criminal conduct”). Indeed, when discussing general deterrence, the Sentencing Guidelines expressly refer to the need for “a clear message [to] be sent to society.” U.S.S.G. ch. 4, pt. A, introductory cmt.
In addition, the government argued that the sentence should “avoid potential sentencing disparities among similarly situated individuals.” The government advocated comparing the defendant to others who had pled guilty to possession of child pornography pursuant to a plea agreement. The government added that relevant sentences in the District of Puerto Rico had ranged from 30 months to 120 months. In response, the district court noted that it had “done variances and ... given long supervised release terms and no incarceration” in similar cases. Moreover, the district court expressed its belief that, “when there is a plea agreement, the issue of sentencing disparity is not as great as when you have trials.” Although defendants who plead guilty are not similarly situated to those who do not, see United States v. Rodríguez-Lozada, 558 F.3d 29, 45 (1st Cir.2009), sentencing disparities among only defendants who plead guilty are still important. In this analysis, “consideration of sentencing disparity primarily targets disparities among defendants nationally.” United States v. Ayala-Vázquez, 751 F.3d 1, 32 (1st Cir.2014) (citation and internal quotation marks omitted).
Finally, the district court mentioned the seriousness of “the offense” once, in boilerplate fashion, after announcing the sentence. The seriousness of these two crimes cannot be understated. The possession of child pornography is far from a “victimless crime.” See Paroline v. United States, — U.S. —, 134 S.Ct. 1710, 1727, 188 L.Ed.2d 714 (2014). Children are subjected to abuse, degradation, and rape for the prurient perusal of those who keep purveyors of these images in business. And, this defendant was also convicted of transferring obscene material to a minor. Specifically, he attempted to lure an apparent 12-year-old female victim into a sexual relationship over the course of eight months. Beyond the serious harm inherent in the possession of child pornography, this particular crime bore the potential to directly destroy a young victim’s normal life. Yet, the district court provided no explanation as to how any of this weighed in its sentencing decision.
In sum, there is an inadequate justification for the extreme variance imposed since the district court did not explain its consideration, if any, of several critical sentencing factors. These include the need for the sentence imposed to reflect the seriousness of the crimes committed, to promote respect for the law, to deter others, and to avoid sentencing disparities nationwide. We cannot and will not infer the district court’s reasoning on these factors based on the record in this case and the degree of the variance imposed. We do not decide whether the sentence imposed would be reasonable if supported by a fuller explanation. We vacate the sentence and remand for resentencing with instructions for the district court to consid *41 er, and explain* all relevant sentencing factors for any sentence it imposes.

So ordered.

. The three and a half years that elapsed between the defendant's indictment and plea is due in part to litigation concerning his motion to suppress. On February 23, 2009, the defendant filed a motion to suppress the evidence of child pornography found at his home. On April 13, 2009, the magistrate judge recommended denying the motion. On June 5, 2009, the district court rejected the magistrate’s recommendation, and granted the motion to suppress. On June 8, 2011, we reversed the district court’s order and remanded with instructions to deny the motion to suppress. United States v. Crespo-Ríos, 645 F.3d 37 (1st Cir.2011). The defendant pled guilty seven months later.

. The defendant has made no objection to the conditions of supervised release imposed in this case.

. The lack of an adequate explanation can be characterized as either a procedural error or a challenge to the substantive reasonableness of the sentence. Compare United States v. Rodríguez-Castro, 492 Fed.Appx. 137, 142 (1st Cir.2012) (analyzing the adequacy of the explanation as a procedural claim), with United States v. Madera-Ortiz, 637 F.3d 26, 30-31 (1st Cir.2011) (analyzing the same under substantive reasonableness). Although procedurally required, the explanation is also relevant to the substantive reasonableness inquiry. Cf. United States v. McDonough, 727 F.3d 143, 165 n. 15 (1st Cir.2013) (considering nominally procedural issue "to the extent that it bears on the reasonableness of [the defendant’s] sentence”).

. For the same reason, this is not a case in which the district court simply gave more weight to some sentencing factors over others. Cf. United States v. Clogston, 662 F.3d 588, 592-93 (1st Cir.2011). We cannot defer to the district court's decision concerning the relative weight of relevant factors when these factors are left unexplained.