# United States Court of Appeals
## For the First Circuit

No. 14-1402

UNITED STATES OF AMERICA,

Appellee,

v.

OSVALDO RIVERA-GONZALEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Barron, Hawkins[*], and Lipez,
Circuit Judges.

Francisco A. Besosa-Martínez, Assistant United States Attorney, with whom Rosa Emilia Rodriguez-Velez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, were on brief for appellee.
José Ramon Olmo-Rodríguez, with whom Olmo & Rodríguez Matias was on brief for appellant.

January 8, 2016

---

[*]Of the Ninth Circuit, sitting by designation.

**BARRON**, **Circuit Judge**.  The defendant in this appeal, Osvaldo Rivera-Gonzalez ("Rivera"), brings a variety of challenges to his federal sentence.  Because we agree with one of these challenges, we vacate and remand.

**I.**

In September of 2013, the Puerto Rico Police Department (the "PRPD"), while investigating two murders, obtained a search warrant for the home of Rivera's grandmother.  After discovering marijuana, a firearm, and a few bullets, the PRPD arrested Rivera, his brother, and his grandmother.  Twelve hours later, Rivera, without counsel, gave a statement to the PRPD in which Rivera confessed to the two murders and an assault.

The PRPD turned Rivera over to federal custody.  A federal grand jury then returned a four-count indictment against him.  The indictment charged Rivera with one count each of: conspiracy to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 846, possession with intent to distribute a controlled substance, id. § 841(a)(1), possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(3), and aiding and abetting possession of a firearm in furtherance of a drug crime, id. §§ 2, 924(c).

Later, Rivera was also charged in Puerto Rico court with crimes directly related to the murders and assault.

Rivera worked out a plea deal with the federal government, by which he pled guilty to two of the federal

indictment's four counts: conspiracy to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 846, and aiding and abetting possession of a firearm in furtherance of a drug crime, 18 U.S.C. §§ 2, 924(c). The plea agreement did not mention the murders or assault.

In the plea agreement, the government and defense counsel agreed to recommend a prison sentence within a United States Sentencing Guidelines ("U.S.S.G.") range of 0-12 months' imprisonment for the conspiracy conviction.[1] The parties also agreed to recommend a prison sentence of 60 months -- the statutory minimum -- for the § 924(c) conviction. The parties further agreed to recommend that the latter sentence run consecutively to the sentence for the conspiracy conviction, for a total sentence of 60-72 months' imprisonment.

After Rivera pled guilty, the probation office filed a presentence investigation report ("PSR"). The PSR detailed Rivera's confession to the two murders and assault. The PSR, like the plea agreement, calculated a guidelines sentence of 60 months, the statutory minimum, for the § 924(c) charge. However, in calculating the base offense level for the sentence for the conspiracy conviction, the PSR included a cross reference to the

---

[1] This recommendation was premised on a base offense level of 6, with a 2-point deduction for acceptance of responsibility, for a total offense level of 4. It varied based on the applicable criminal history category, which was not agreed on.

sentencing guidelines for murder convictions.[2]  Based on that cross-reference, the PSR identified Rivera's total offense level as 40, resulting in a guidelines sentencing range of 292-365 months' imprisonment for the conspiracy conviction, although 60 months was the statutory maximum.

Rivera objected to the PSR on the grounds that there was insufficient evidence that the murders were related to the conspiracy charged and that the proof of the murders was insufficient to find that Rivera had committed them by a preponderance of the evidence.  The defendant made no other objection to the PSR.

At the sentencing hearing, the government, in accordance with the plea agreement, recommended a total sentence of 60-66 months' imprisonment for both convictions.  The government recommended the total sentence be imposed as follows: 60 months for the § 924(c) conviction and 0 to 6 months for the conspiracy conviction.

With respect to the conspiracy conviction, the District Court agreed not to rely on the cross reference to the sentencing guidelines for murder convictions in calculating Rivera's guidelines sentencing range. The District Court imposed a sentence of 6 months in prison for the conspiracy conviction.  With respect

---

[2] In doing so, the PSR referenced U.S.S.G. § 1A1.1, although it presumably intended to refer to U.S.S.G. §§ 2A1.1, 2D1.1(d).

to the § 924(c) conviction, the District Court imposed a sentence of 360 months' imprisonment. In doing so, the District Court explained that it was using the 18 U.S.C. § 3553(a) factors to select a sentence within the range of statutorily permissible sentences, which spanned from 60 months to life in prison.

There was discussion at the sentencing hearing about whether a prison sentence above 60 months -- and thus above the mandatory minimum sentence under 18 U.S.C. § 924(c) -- would constitute a departure, rather than a variance. Defense counsel argued that a departure would require that the defendant receive notice of that departure prior to sentencing. See Fed. R. Crim. P. 32(h). The District Court determined, however, that a prison sentence greater than 60 months for the § 924(c) violation would be a variance, rather than a departure, and thus would not trigger a prior notice requirement.

The District Court then imposed a 360-month sentence for the § 924(c) conviction, with the 6-month prison sentence for the conspiracy conviction to run consecutively. Thus, the District Court imposed a total sentence of 366 months of imprisonment.

At sentencing, there was also discussion of whether the federal sentence should be consecutive or concurrent with any Puerto Rico sentence. Thus, the District Court was aware at sentencing that charges were pending against the defendant in Puerto Rico court on the related crimes of murder and assault.

The District Court stated in imposing the federal sentence that the 360-month prison sentence for the § 924(c) conviction would run concurrently with any sentence that the Puerto Rico court might impose, following any convictions of Rivera on the Puerto Rico charges then pending. The District Court also stated that the six-month sentence for the conspiracy conviction would run consecutively to any other sentence.

In response, defense counsel argued that § 924(c) prohibits district courts from imposing a sentence for that crime that runs concurrently with any other sentence. The District Court stated that § 924(c) only required the federal sentences for the conspiracy and § 924(c) convictions to run consecutively and that it "would be totally unfair" for the federal and Puerto Rico sentences to run consecutively as well.

In stating that the federal sentence would run concurrently to any Puerto Rico sentence, the District Court explained that "I don't think that I should make it fully consecutive. I don't think I should do that." He then said that "BOP will not dare to calculate anything else than I have said." And the Court added, "if the Bureau of Prisons wants to do what they want to do, you let me know."

Following the District Court's statement about whether the federal and Puerto Rico sentences would run concurrently or consecutively, defense counsel again asked the District Court how

the federal sentence would interact with any sentence the Puerto Rico court might impose on the charges pending in Puerto Rico court. The District Court clarified that if the Puerto Rico judge sentenced Rivera to 40 years for the crimes pending against him in Puerto Rico court, he would serve the 360-month federal prison sentence that the District Court imposed for the § 924(c) conviction, and then only 10 additional years of the 40-year Puerto Rico sentence. The District Court then clarified that Rivera would serve the six-month prison sentence for the conspiracy conviction in addition to the forty years.

After sentencing, both defense counsel and the government filed "informative motions" with the District Court. The parties informed the Court that, under <u>United States</u> v. <u>Gonzalez</u>, 520 U.S. 1, 11 (1997), a § 924(c) sentence cannot be imposed to run concurrently with any other sentence. The District Court then accepted defense counsel's suggestion that the written judgment remain silent on the concurrent or consecutive issue. The written judgment thus made no reference to how the federal sentence would run in relation to any sentence Puerto Rico might impose for the charges then pending against Rivera in Puerto Rico court.

After the District Court imposed the federal sentence, Rivera pled guilty in Puerto Rico court and was sentenced by the

Puerto Rico court to 104 years, 6 months, and 1 day in prison.[3] The Puerto Rico judgment made no reference to the federal judgment. Because the District Court had primary jurisdiction, Rivera will begin his sentence in federal custody.

Rivera now appeals his federal sentence on three grounds. He first contends that his sentence is procedurally unreasonable because the District Court did not comply with the notice requirement that he contends Federal Rule of Criminal Procedure 32(h) imposes. He next contends that his sentence is procedurally unreasonable because it conflicts with Gonzalez. Rivera's final challenge is that the length of his sentence renders it substantively unreasonable.

## II.

"Generally, we apply the deferential abuse of discretion standard in evaluating the reasonableness of a sentence." United States v. Pantojas-Cruz, 800 F.3d 54, 58 (1st Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). The parties disagree over whether Rivera's objections to the reasonableness of his federal sentence are preserved, and thus the parties disagree over what standard of review applies to Rivera's challenges.[4]

---

[3] When asked at oral argument what the practical impact of this appeal would be, defense counsel explained that there is a chance Rivera will not be required to serve out the entirety of his Puerto Rico sentence.

[4] The government argues that we should treat Rivera's challenge to the reasonableness of his sentence as waived. This

However, even under the less deferential abuse of discretion standard that Rivera urges us to apply, his first two challenges fail. We thus assume that the abuse of discretion standard of review applies in our evaluation of those challenges.

As an initial matter, Rivera argues that the sentence was procedurally unreasonable because the variant sentence for the § 924(c) conviction was actually a "departure" and thus required prior notice under Federal Rule of Criminal Procedure 32(h). This argument hinges on a contention that, with respect to § 924(c), the sentencing guidelines make any sentence over the mandatory minimum a "departure" rather than a "variance." But that contention is contrary to our case law, and so this challenge is easily dismissed, as there was only a variance here. Thus, there was no abuse of discretion by the District Court in so concluding. See United States v. Oquendo-Garcia, 783 F.3d 54, 56 (1st Cir. 2015) ("We will treat a sentence above a statutory mandatory minimum under section 924(c) as an upward variance, absent some

is because Rivera's "informative motion" to the District Court did suggest precisely the course the Court followed -- namely, to make no reference to any Puerto Rico sentence. However, we read Rivera's motion to have been intended to ensure that the judgment not state that the federal and Puerto Rico sentences must run consecutively, presumably in order to avoid the suggestion that the Puerto Rico court could not take account of the federal sentence in imposing its own. We therefore reject the government's argument that by virtue of the informative motion he filed, Rivera waived the challenges to his federal sentence that he raises in this appeal.

indication in the sentencing record which persuades us that the district court intended to or in fact applied an upward departure.") (internal quotation marks, brackets, and citations omitted)); United States v. Rivera-González, 776 F.3d 45, 49 (1st Cir. 2015) ("We hold, therefore, that since a mandatory minimum sentence under section 924(c) is the recommended guideline sentence, a reviewing court should treat any sentence above that statutory mandatory minimum as an upward variance.").

Rivera next argues that the sentence was procedurally unreasonable in light of Gonzalez, as that case requires that § 924(c) sentences be imposed to run consecutively to, rather than concurrently with, any other sentences, whether imposed by the federal government or by Puerto Rico. 520 U.S. at 11. But this challenge fails as well. The District Court did make oral statements indicating that it was imposing a concurrent sentence. But the District Court, in response to the objections set forth in the motions filed by both the defense and the government, did not impose a concurrent sentence in the written judgment setting forth the sentence. The written judgment was simply silent as to whether the sentence would run concurrently or consecutively, just as Rivera had requested in his motion. Thus, the sentence set forth in the written judgment does not conflict with Gonzalez, and the District Court committed no abuse of discretion in this regard.

That leaves Rivera's final argument. Rivera casts this challenge as if it targets the substantive reasonableness of his federal sentence due to its length. But at its core, Rivera challenges the District Court's failure to provide an adequate explanation for a sentence that varies upward from the guidelines sentencing range to this extent.

We thus construe this objection to be a procedural one. See United States v. Reyes-Santiago, 804 F.3d 453, 468 n.19 (1st Cir. 2015) ("The line between procedural and substantive sentencing issues is often blurred . . . [and] 'the lack of an adequate explanation can be characterized as either a procedural error or a challenge to the substantive reasonableness of the sentence.'") (quoting United States v. Crespo-Ríos, 787 F.3d 34, 37 n.3 (1st Cir. 2015) (internal quotation marks and brackets omitted)). And, so understood, we conclude that this challenge has merit, even under the more demanding plain error standard that the government urges us to apply.

"Review for plain error entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity or public reputation of judicial proceedings." Pantojas-Cruz, 800 F.3d at 58 (quoting United States v. Medina-Villegas, 700 F.3d 580, 583 (1st Cir. 2012)). Each prong is met here.

- 11 -

The District Court correctly calculated the guidelines sentence for the § 924(c) conviction: 60 months.  See Rivera-González, 776 F.3d at 49.  The District Court then imposed a 360-month prison sentence for that conviction.  That sentence represented a dramatic -- 25-year -- upwards variance from the guidelines sentence.  The District Court did not, however, adequately explain the basis for that variance.

District courts have the discretion to impose variant sentences. United States v. Politano, 522 F.3d 69, 73 (1st Cir. 2008).  But appellate courts still must inquire into "whether the district court provided a sufficient explanation for its variance."  Id.  That is particularly true for variant sentences as substantial as this one.  See Crespo-Ríos, 787 F.3d at 39.  And "[w]hen faced with an inadequate explanation, 'it is incumbent upon us to vacate, though not necessarily to reverse, the decision below to provide the district court an opportunity to explain its reasoning at resentencing.'" Id. at 38 (quoting United States v. Gilman, 478 F.3d 440, 446–47 (1st Cir. 2007)) (brackets omitted).

In this case, the District Court stated that if the federal and Puerto Rico sentences were to run consecutively, "it would be totally unfair."  Yet after being apprised that the 360-month prison sentence could not be required to run concurrently with the Puerto Rico sentence, the District Court issued a written sentence of that same length, that -- quite rightly -- did not

- 12 -

foreclose the possibility that it might be followed by a Puerto Rico sentence that would have to be served in full following the completion of Rivera's federal sentence.

In doing so, the District Court offered no explanation as to why a sentence of 360 months' imprisonment was justified. The explanation for a sentence may, in some cases, be inferred from the record. See United States v. Perazza-Mercado, 553 F.3d 65, 75 (1st Cir. 2009). And there is no question that the defendant's underlying criminal conduct was significant. Yet here, we have a sentence that varies greatly and that not only lacks an express explanation for the variance, but also was imposed after the District Court appeared to question the fairness of just such a sentence. In such circumstance, we cannot say that the District Court has offered an adequate explanation for the sentence imposed.

The imposition of such an unexplained variant sentence is obvious error. See Perazza-Mercado, 553 F.3d at 78. There is also "a reasonable probability that the court might not have imposed the [variance] if it had fulfilled its obligation to explain the basis for the [variance]," id. (citing United States v. Wallace, 461 F.3d 15, 44 (1st Cir. 2006) (noting that if the sentencing court were required to supply an adequate explanation for its actions, it "might (although by no means must) calculate a sentence upon remand different than the precise sentence it chose

through its initial, erroneous . . . analysis")), given that the District Court's only comment on the possibility of the Puerto Rico sentence running consecutively was that a federal sentence of 360 months' imprisonment would then be "unfair."  Nor can we "endorse the summary imposition of such a significant prohibition without impairing the 'fairness, integrity, or public reputation of the judicial proceedings.'" <u>Id.</u> at 79 (quoting <u>Wallace</u>, 461 F.3d at 44).  We thus agree with Rivera's challenge to the sentence.

## III.

For the foregoing reasons, we **<u>vacate</u>** Rivera's sentence and remand for the District Court to explain its reasoning at resentencing, expressing no opinion "as to what the sentence should be." <u>Crespo–Ríos</u>, 787 F.3d at 35.