# United States Court of Appeals
## For the First Circuit

No. 20-1214

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ ESPINOZA-ROQUE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge,
Kayatta, Circuit Judge,
and Casper,* District Judge.

Jessica E. Earl, Assistant Federal Public Defender, with Eric Alexander Vos, Federal Public Defender, Franco L. Pérez-Redondo, Assistant Federal Public Defender, and Kevin E. Lerman, Research & Writing Specialist, on brief, for appellant.

Joshua K. Handell, Attorney, Criminal Division, with W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, and Julia M. Meconiates, Assistant United States Attorney, on brief, for appellee.

_____

* Of the District of Massachusetts, sitting by designation.

February 15, 2022

**KAYATTA**, **Circuit Judge**.  José Espinoza-Roque challenges the 46-month sentence he received after pleading guilty to various firearm offenses.  The length of the challenged sentence was shaped by the district court's finding that Espinoza was an unlawful drug user at the time of his offenses.  Because we find that the district court erred in reaching that conclusion, we vacate the resulting sentence.  Our reasoning follows.

**I.**

In January 2019, Espinoza and a co-defendant were indicted for two illegal firearms sales alleged to have occurred in May and June of 2018.  As relevant here, Espinoza was charged with dealing firearms without a license and illegally possessing a machine gun in violation of 18 U.S.C. §§ 922(a)(1)(A) and 922(o), respectively.  Espinoza pleaded guilty.

Because each of Espinoza's offenses involved at least one qualifying gun, the United States Sentencing Guidelines called for a higher base offense level (BOL) if Espinoza was also "a prohibited person <u>at the time</u>" of the offenses.  U.S.S.G. § 2K2.1(a)(4)(B) (emphasis added).  The Guidelines define "prohibited person" by reference to 18 U.S.C. § 922(g).  U.S.S.G. § 2K2.1 app. n.3.  In turn, 18 U.S.C. § 922(g) applies to, inter alia, "any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))."  To determine whether

- 3 -

a person "is an unlawful user," we apply a three-part test:  The offender must have used a controlled substance (1) regularly (2) "over a long period of time" (3) "proximate to or contemporaneous with the possession of the firearm."  United States v. Caparotta, 676 F.3d 213, 216 (1st Cir. 2012) (quoting United States v. Marceau, 554 F.3d 24, 30 (1st Cir. 2009)).  To justify an unlawful-user sentencing enhancement, the government must prove these facts by a preponderance of the evidence.  See United States v. Damon, 595 F.3d 395, 399 (1st Cir. 2010).

Of particular relevance here is Caparotta's third element: temporal nexus.  Requiring the government to prove that element serves two purposes.  First, it effectuates Congress's intent to reach an offender "who is an unlawful user."  18 U.S.C. § 922(g)(3) (emphasis added); see also United States v. Augustin, 376 F.3d 135, 138 (3d Cir. 2004) ("The use of the present tense was not idle.  Quite simply, Congress intended the statute to cover unlawful drug use at or about the time of the possession of the firearm, with that drug use not remote in time or an isolated occurrence.").  Second, the temporal limitation is necessary "to avoid unconstitutional vagueness" in the statutory definition. Marceau, 554 F.3d at 30.

In its presentence investigation report (PSR), probation calculated Espinoza's Guidelines sentencing range using a BOL of 20 based on the premise that Espinoza was an unlawful user at the

time of his offenses.  Espinoza objected to that characterization. Relying solely on a translated summary of statements Espinoza made to probation regarding his drug use (which we will describe in more detail below), the district court classified Espinoza as an unlawful user of marijuana at the time of his offenses.  For that reason, the court applied section 2K2.1(a)(4)(B)'s "prohibited person" enhancement.

On appeal, Espinoza challenges the unlawful-user determination that led the district court to adopt a BOL of 20.

**II.**

Espinoza advances two arguments in support of his contention that the district court erred in concluding that he was an unlawful user at the time of his offenses.[1]  His first argument is a categorical one:  A court's classification of a defendant as a "prohibited person" under section 2K2.1(a)(4)(B) can never rest solely on a defendant's uncorroborated admission.  Alternatively, Espinoza argues that the particular statements upon which the district court relied did not provide an adequate basis for the court's unlawful-user determination.[2]

---

[1]  The district court concluded that Espinoza was "not an addict."  The government does not dispute this finding on appeal. Thus, our analysis focuses on the question whether Espinoza was "an unlawful user" at the time of his offenses.

[2]  Espinoza also gestures at an argument that because he did not physically possess the guns sold in May 2018, the only question is whether he was an unlawful user for the purposes of the June 27, 2018 offense.  Any such argument is waived for lack of development.

We consider Espinoza's two arguments in turn.

**A.**

Espinoza insists that a section 2K2.1(a)(4)(B) sentencing enhancement "cannot be based on a defendant's statements alone where no independent evidence in the record established he was a long-term drug user."  In so claiming, Espinoza relies on our decision in United States v. Tanco-Baez, where we held that a defendant's "uncorroborated admission" to long-term drug use did not suffice to support his criminal conviction under 18 U.S.C. § 922(g)(3).  942 F.3d 7, 25 (1st Cir. 2019).

The government contends that Espinoza did not air this theory below and has waived it on appeal by failing to recognize that plain error review applies.  Espinoza in reply invokes precedent indicating that "a defendant's objection need not be framed with exquisite precision" in order "[t]o preserve a claim of procedural sentencing error for appellate review."  United States v. Rivera-Berríos, 968 F.3d 130, 134 (1st Cir. 2020).  Although Espinoza is correct as a general matter, we also have explained that a defendant's objection must be "sufficiently

See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.").  We assume without deciding that it is permissible to frame the sentencing inquiry as whether Espinoza was a prohibited person at the time of either of his two offenses.

specific to call the district court's attention to the asserted [procedural] error." Id. (quoting United States v. Soto-Soto, 855 F.3d 445, 448 n.1 (1st Cir. 2017)). Below, Espinoza argued only that his statements as memorialized in the PSR did not satisfy Caparotta's three-part test. This argument did not fairly preserve the distinct claim that uncorroborated admissions cannot provide the sole basis for a section 2K2.1(a)(4)(B) enhancement. So we tend to agree that Espinoza waived that latter claim on appeal by failing to address the governing standard of plain error review in his opening brief. See United States v. Pabon, 819 F.3d 26, 33–34 (1st Cir. 2016); United States v. Mayendía-Blanco, 905 F.3d 26, 32 (1st Cir. 2018).

Nevertheless, the simpler point is that Espinoza's argument on appeal demonstrates no plain error. An appellant cannot establish plain error using "case law absent clear and binding precedent." United States v. Marcano, 525 F.3d 72, 74 (1st Cir. 2008) (per curiam) (citing United States v. Caraballo-Rodriguez, 480 F.3d 62, 70 (1st Cir. 2007)). Espinoza fails to locate any such precedent on the relevant issue. He hinges his argument entirely on a case concerning the quality and quantum of proof necessary to support a finding of guilt beyond a reasonable doubt. See Tanco-Baez, 942 F.3d at 15. This case, by contrast, involves a sentencing enhancement to be supported by a preponderance of the evidence. See Damon, 595 F.3d at 399. Given

that substantial difference, Tanco-Baez cannot establish plain error in this case.

**B.**

We turn next to the question whether the particular statements attributed to Espinoza support a section 2K2.1(a)(4)(B) enhancement in this case. Because Espinoza preserved this claim below, we review the district court's unlawful-user finding for abuse of discretion. United States v. García-Pérez, 9 F.4th 48, 52 (1st Cir. 2021). In so doing, we review questions of law de novo and questions of fact for clear error. Id. "[W]hen there are two plausible views of the record, the sentencing court's adoption of one such view cannot be clearly erroneous." United States v. St. Cyr, 977 F.2d 698, 706 (1st Cir. 1992). On the other hand, if the court below improperly calculated Espinoza's Guidelines sentencing range, it committed a "significant procedural error" that constitutes an abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007).

The PSR's translated summary of Espinoza's relevant statements reads as follows: "As reported and since age 20 until arrest, [Espinoza] smokes one or two joints daily of marihuana, seven days a week. He smokes marihuana because it helps him sleep.

- 8 -

However, he mentioned that he could spend weeks without smoking marihuana."[3]

The district court read this summary as containing two "direct[ly] contradict[ory]" assertions: That Espinoza used marijuana every day without interruption to get to sleep, or that his use could be interrupted by some uncertain number of weeks. Explaining that it would "decide which [statement] to believe or not believe," the district court chose the first assertion. On that basis, it then deemed Espinoza to have been an unlawful user at the time of his offenses. Whatever might be said about the permissibility of that choice in a vacuum, we conclude that here, it was clearly erroneous given other, undisputed evidence in the record.

That other evidence is Espinoza's post-arrest drug test, which was negative for controlled substances. Espinoza contends -- apparently without dispute from the government -- that urinalysis tests like the one he underwent can detect cannabinoids for many weeks after their use. Espinoza does not seem to have invoked any specific figure below, and it is enough for our purposes to conclude that the negative drug test rendered the district court's finding of continuous daily use clearly erroneous. Put simply, the district court's sentencing rationale

---

[3] The PSR indicated that Espinoza "suffers . . . from insomnia."

(that Espinoza used marijuana every single night) was not "plausible" in light of the negative drug test. St. Cyr, 977 F.2d at 706.[4]

The government maintains that Espinoza's drug test -- conducted roughly six months after the last charged offense -- "sheds no information as to whether Espinoza used drugs contemporaneously with the offense." We do not agree. The test was conducted at the time of Espinoza's arrest, before he spoke with probation. So its probative force in construing Espinoza's statement to probation is not diminished by the passage of time between the charged conduct and the test. This is not to say that the test proves non-use at the time of Espinoza's offenses. But it does substantiate Espinoza's claim that he could abstain from smoking marijuana for periods of time, because it shows that he in fact did so. As a result, it clearly refutes the contention that Espinoza's description of his drug use proves uninterrupted nightly use. And without that reading, the sole rationale offered by the district court for finding the requisite temporal nexus disappears.

---

[4] The government appears to suggest that Espinoza raises this argument for the first time on appeal. But the government stops short of arguing that plain error review governs the claim. And for good reason: Espinoza clearly alleged below that "his negative [drug] test upon his arrest" precluded an unlawful-user finding under Caparotta.

- 10 -

In sum, we are "left with the definite and firm conviction that a mistake [was] committed" below when the district court concluded that Espinoza used marijuana every night without exception. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). A sentencing enhancement may not rest on a conclusion belied by undisputed facts. Accordingly, the district court clearly erred when it chose to "not believe" Espinoza's substantiated claim that he could go without smoking marijuana.

## C.

Having thus found clear error in the sole rationale offered by the district court for finding the requisite temporal nexus, we turn to the government's fallback argument that Espinoza's statements to probation still admit enough to support a finding of temporal nexus even if they do not establish uninterrupted nightly use. Although not expressly framed as such, the argument sounds in harmless error. So we inquire whether "'the district court would have imposed the same sentence' even without [its] error." United States v. Tavares, 705 F.3d 4, 25 (1st Cir. 2013) (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

The government does not argue that a temporal nexus would exist even if Espinoza had not used marijuana for some uncertain number of weeks prior to his offenses. Nor does it contend that we should replace Caparotta's "unlawful user" definition with that

- 11 -

of 27 C.F.R. § 478.11, which provides that "[a]n inference of current use may be drawn from evidence of . . . a pattern of use or possession that reasonably covers the present time."

The government instead contends that the unlawful-user enhancement should stand because the record indicates that nightly marijuana use was Espinoza's customary norm, and it is therefore unlikely that Espinoza happened to be in periods of abstention at the time of both charged offenses (which occurred roughly a month apart). The district court never adopted this rationale. To the contrary, it is fair to conclude that the court implicitly rejected it. Below, the government did not urge the court to disregard Espinoza's contention that he could abstain from smoking for weeks at a time. Rather, the government summarily adopted probation's proposed BOL, which it recognized was calculated "on the basis of the statements that [Espinoza] made to the probation officer." In other words, the government directed the district court to consider Espinoza's PSR statement as a whole, presumably believing it supported an unlawful-user enhancement. But the court evidently did not agree -- otherwise, why would the court (apparently sua sponte) have proceeded "to decide which [statement] to believe or not believe"?[5]

---

[5] We frequently rely on implicit findings of the district courts in reviewing rather cryptic sentencing explanations. See, e.g., United States v. Butler-Acevedo, 656 F.3d 97, 100 (1st Cir. 2011) ("Given this record, we cannot say that the district court

We agree that, at least on this record, evidence of long-time regular use interrupted by periods of abstention is insufficient to carry the government's burden to invoke the enhancement. As an initial matter, the government's probabilistic reasoning is not as airtight as the government seems to assume. See, e.g., Charles Nesson, The Evidence or the Event? On Judicial Proof and the Acceptability of Verdicts, 98 Harv. L. Rev. 1357, 1378-79 (1985) (discussing the "Blue Bus" problem, which posits that a plaintiff cannot proceed to trial on evidence showing an 80% likelihood that he was injured by a Blue Bus Company vehicle as opposed to some other bus). Moreover, if one could infer a temporal nexus from regular use interrupted by some uncertain period of time, Caparotta's temporal nexus requirement would in cases like this be largely subsumed by its "regular use" requirement.

Ultimately, the government bears the burden of proving qualifying drug use. Damon, 595 F.3d at 399. The foregoing analysis leads us to conclude that the government's scant proof --

---

failed to consider [the defendant's] history and characteristics, even though it did not explicitly refer to these factors."); United States v. Fey, 834 F.3d 1, 3 (1st Cir. 2016) (explaining that if a sentencing court "does not explicitly" explain its imposition of a special condition, "we will attempt to 'infer the court's reasoning from the record'") (quoting Pabon, 819 F.3d at 31)). And in this instance, the option of remanding to confirm our reading of the court's implicit finding is unavailable because the sentencing judge has regrettably passed away.

minus the court's clear error in construing Espinoza's statements to probation -- does not show by a preponderance of the evidence that Espinoza was unlawfully using marijuana "proximate[ly] to or contemporaneous[ly] with" his firearm offenses. Caparotta, 676 F.3d at 216 (quoting Marceau, 554 F.3d at 30). As a result, "[w]e cannot say that the district court's" clearly erroneous sentencing rationale "'did not affect the . . . selection of the sentence imposed.'" United States v. Castillo-Torres, 8 F.4th 68, 73 (1st Cir. 2021) (second alteration in original) (quoting Tavares, 705 F.3d at 26-27). In other words, the court's error was not harmless. Id. So we will remand for resentencing. See Tavares, 705 F.3d at 25.

## III.

In its brief, the government offered no response to Espinoza's request to limit the factual record on remand -- a request that is consistent with our past practice and recognition that "no party -- including the government -- is entitled to an unlimited number of opportunities to seek the sentence it desires." United States v. Román-Huertas, 848 F.3d 72, 78 (1st Cir. 2017) (alteration omitted) (quoting United States v. Ramos-González, 775 F.3d 483, 508 (1st Cir. 2015)).

We therefore <u>reverse</u> the "prohibited person" enhancement and <u>remand</u> for resentencing without that enhancement.[6]

---

[6] This disposition eliminates the need to address Espinoza's claim that the district court plainly erred under <u>Rehaif</u> v. <u>United States</u>, 139 S. Ct. 2191 (2019), when it applied the section 2K2.1(a)(4)(B) enhancement without finding that Espinoza knew of his status as an unlawful drug user.