# United States Court of Appeals
## For the First Circuit

No. 18-1107

UNITED STATES OF AMERICA,

Appellee,

v.

ADRIÁN VÁZQUEZ-MÉNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge
Boudin and Lynch, Circuit Judges.

Eric Alexander Vos, Federal Public Defender, District of Puerto Rico, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Ivan Santos-Castaldo, Research and Writing Specialist, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

February 8, 2019

**BOUDIN, Circuit Judge**. Adrián Vázquez-Méndez ("Vázquez") pled guilty in federal district court in Puerto Rico in 2001 to one count of conspiracy to distribute cocaine, 21 U.S.C. § 846, and was sentenced to 168 months in prison followed by five years of supervised release. After serving more than eleven years in prison, Vázquez began supervised release on December 28, 2012.

Vázquez's period of supervised release--accompanied by the common requirements that he refrain from unlawfully using controlled substances, report any changes in address, and regularly check in with his probation officer--passed without known incident until nearly the end. But in 2017, the probation officer reported several violations, including three positive drug tests for marijuana and a failure to inform his probation officer that he was living at a new location.

Vázquez was also arrested on July 25, 2017, after his girlfriend called the police to report a domestic dispute. Police also questioned him about a domestic-violence incident on August 30, 2017. Neither incident resulted in criminal charges but a restraining order was placed against him after the second incident, pending a later hearing. Vázquez also failed to timely report the incidents to his probation officer as required by his supervised release conditions.

He also missed a scheduled drug-treatment program and a drug-screening appointment. In each instance Vázquez claimed he

was at the hospital, first to attend to a wrist injury and later because his girlfriend was experiencing complications with her pregnancy; in at least one case the hospital records showed that his time there did not conflict with his scheduled treatment appointment.

Eventually the government filed a motion to revoke Vázquez's supervised release. Vázquez admitted that he had violated the terms of his supervised release and declined an evidentiary hearing. The parties jointly recommended a sentence of time served (forty-two days) with six months of supervised release, including three months of home detention with electronic monitoring.

The applicable guidelines range was three to nine months, U.S.S.G. § 7B1.4(a), and the statutory maximum for a revocation of supervised release arising out of a conviction for a Class A felony--here, Vázquez's original conviction for conspiracy to distribute cocaine--was five years, 18 U.S.C. § 3583(e)(3).

The district judge imposed an upward variance, sentencing Vázquez to two years' imprisonment plus two years of supervised release. The district court described the various violations, set forth above, and concluded:

> Based on the nature and circumstances of the violations and characteristics of Mr. Vazquez, the Court will impose a sentence that reflects the seriousness of the

violations, promote respect for the law and compliance with the Court's orders, provide just punishment, adequate deterrence, and protect our community from further non-compliance behavior by Mr. Vazquez-Mendez. This may assist Mr. Vazquez-Mendez to work on his rehabilitation process and his reintegration into the community. Mr. Vazquez will be placed in a controlled environment where he will have the space to think, reflect and establish new goals for himself, to continue working on his rehabilitation plan once he is released from prison.

On the spot Vázquez's counsel objected to the sentence as substantively unreasonable and further objected to the judge's mention of rehabilitation, arguing that lengthening a criminal sentence to promote rehabilitation was impermissible. The court rejected the objection, adding that "two times he was very aggressive with his consensual partner to the point where she had to submit a complaint against him."

On appeal Vázquez argues that the sentence was unreasonable and specifically that the judge erred in citing rehabilitation needs and unproven domestic-violence allegations, and that the sentence was substantively unreasonable. Whether all three objections were fully preserved could be debated, but the two specific claimed errors are patent and here presumptively prejudicial.

Under the Sentencing Reform Act a court may not impose or lengthen a prison sentence in order to promote a defendant's rehabilitation or to enable him to complete in prison a rehabilitative program. Tapia v. United States, 564 U.S. 319, 335

- 4 -

(2011).  The rule applies to resentencing after a revocation of supervised release.  United States v. Molignaro, 649 F.3d 1, 5 (1st Cir. 2011).

Cases subsequent to Tapia hold that where a general desire to rehabilitate the defendant is thrown into a blender with myriad other factors at sentencing, there is not necessarily reversible error.  United States v. Del Valle-Rodríguez, 761 F.3d 171, 174-75 (1st Cir. 2014).  Reversal follows only where "the record indicates that rehabilitative concerns were the driving force behind, or a dominant factor in, the length of a sentence."  Id. at 175.

But here the district court concluded its sentence by saying that it "may assist Mr. Vazquez-Mendez to work on his rehabilitation process and his reintegration into the community," and that time in prison would give him "the space to think, reflect and establish new goals for himself, to continue working on his rehabilitation plan once he is released from prison."  When defense counsel objected, the judge ended discussion: "I think that the best way to try to straighten him up again is by imposing two years of imprisonment."

The district court's statements show that it did or likely did rely on rehabilitation in fixing the sentence in a way that is at odds with the statute as this circuit has read Tapia.

The defense objection removes any need to consider whether the judge's statements alone might amount to plain error.

Whether the district court relied on the unproven domestic-violence allegations as a basis for its upward variant sentence is doubtful, for the reference came after the sentence had been set, but on remand the district will know that charges without proof are not to be considered. United States v. Marrero-Pérez, No. 17-136, 2019 WL 324988 (1st Cir. Jan. 25, 2019).

The district court was well within its authority to consider an upward adjustment to the guidelines sentence. Vázquez's transgressions were multiple and that they happened near the end of the supervised release term is hardly reassuring. The government's agreement to a time-served sentence may suggest merely that new felonies are properly its main priority.

This circuit once regularly remanded cases like this one to a different judge, but this occurs now only in very unusual cases, United States v. Bryant, 643 F.3d 28, 35 (1st Cir. 2011), and rightly so, for a new judge every time is wasteful; and the conduct of judges in remanded matters bears out the faith that citizens still retain in their judiciary.

The sentence is vacated, and the matter remanded for resentencing in accordance with this decision.

It is so ordered.