# United States Court of Appeals
## For the First Circuit

No. 21-1243

UNITED STATES OF AMERICA,

Appellee,

v.

SANTOS CASTILLO-TORRES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Kayatta and Barron, Circuit Judges,
and Saris,* District Judge.

Alejandra Bird López, Research & Writing Specialist, with whom Eric Alexander Vos, Federal Public Defender, and Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Division, were on brief, for appellant.

Gregory Bennett Conner, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, were on brief, for appellee.

---

* Of the District of Massachusetts, sitting by designation.

August 11, 2021

**KAYATTA, Circuit Judge.** Santos Castillo-Torres pled guilty to unlawful reentry in violation of 8 U.S.C. § 1326(a). His sentencing range under the United States Sentencing Guidelines was eight to fourteen months. Both Castillo and the government urged the district court to issue a below-Guidelines sentence, with Castillo seeking time served or "some nominal sentence at most" and the government recommending six months' imprisonment. Castillo sought leniency on the grounds that unlawful reentry is a non-violent, victimless crime; that he at one point attempted to normalize his status based on a lawful marriage to a U.S. citizen; and that his incarceration on an unrelated state crime and the likelihood of ongoing detention pending removal were sufficient to deter him from reoffending in the future. The district court sentenced Castillo to eight months' imprisonment. In doing so, and over Castillo's objection, the district court relied on allegations in a Puerto Rico criminal complaint to find that Castillo had previously used a weapon to cut another person. Agreeing with Castillo that the bare criminal complaint provided no reliable evidence to support the district court's finding, we vacate the sentence and remand for resentencing. Our reasoning follows.

**I.**

At sentencing, Castillo's prior Puerto Rico criminal conviction appropriately became a subject of the district court's

- 3 -

focus. As originally presented, the Presentence Report (PSR) stated that "on September 9, 2020 at approximately 3:04pm," Castillo "illegally and with criminal intent, brandished and used a knife (silver in color, with a brown end) against Francisco Sanchez." The PSR further stated that Castillo "used a knife and made a cut in the victim's left arm," sending Sanchez to the hospital, and threatened that he was "going to kill [Sanchez]."

Castillo objected to any contention that he used the knife to cut or threaten Sanchez, arguing:

> Mr. Castillo categorically denies the accuracy of this description. The paragraph describes conduct for which Mr. Castillo was not convicted and with respect to which the Puerto Rico court did not make findings. A criminal charge alone does not prove criminal guilt of the charged conduct.

He asserted that he had pled guilty in Puerto Rico court only to felony possession of a bladed weapon, and pointed out that the misdemeanor assault and threat charges had been dropped.

Acknowledging the objection, Probation amended the PSR to make clear that the "circumstances depicted in these paragraphs were described in the criminal complaints pertaining to said cases. However, these depictions do not imply the Probation Officer's position regarding the defendant's behavior at the time."

The district court nevertheless relied upon the charges in the criminal complaint to find that Castillo actually used the weapon to cut Sanchez, stating that "based on [the] relevant

- 4 -

circumstances and the description of the offense, there were threats; there was the use of a weapon; there was a cut."  In part for this reason, the district court imposed a sentence of eight months' imprisonment, at the low end of Castillo's Guidelines sentencing range but above what the parties were requesting.

**II.**

Factual findings made at sentencing must be supported by a preponderance of the evidence.  See United States v. Morgan, 384 F.3d 1, 5 (1st Cir. 2004).  Whether they were so supported is a question we review for clear error.  See United States v. Luciano, 414 F.3d 174, 180 (1st Cir. 2005).  We have made clear that findings based solely on unreliable evidence cannot be established by a preponderance and are therefore clearly erroneous.  See United States v. Colón-Maldonado, 953 F.3d 1, 9-10 (1st Cir. 2020).  Determinations of reliability are reviewed for abuse of discretion.  See Luciano, 414 F.3d at 180.

We have previously warned district courts not to base sentencing determinations upon mere charges unsupported by any admission or some other evidence, "even when the defendant offers no rebuttal evidence."  Colón-Maldonado, 953 F.3d at 9 (explaining that a sentencing judge may not "rely[] on mere charges to 'infer unlawful behavior unless there is proof by a preponderance of the evidence of the conduct initiating [those] arrests and charges'" (quoting United States v. Rondón-García, 886 F.3d 14, 25-26 (1st

- 5 -

Cir. 2018))); United States v. Díaz-Lugo, 963 F.3d 145, 153 (1st Cir. 2020) (stating that a sentencing court may not "rely on an arrest record as evidence of a defendant's conduct in the absence of some reliable indication that the underlying conduct actually occurred"); United States v. Marrero-Pérez, 914 F.3d 20, 22 (1st Cir. 2019) ("[N]o weight should be given in sentencing to arrests not buttressed by convictions or independent proof of conduct.").

It is true that each of those cases involved either an upward departure or an upward variance. Some also implicated a Guidelines provision that prohibits courts from granting upward departures on the basis of arrest records. See, e.g., Marrero-Pérez, 914 F.3d at 22, 24 (citing U.S.S.G. § 4A1.3(a)(3)); see also United States v. Rodríguez-Reyes, 925 F.3d 558, 563-68 (1st Cir. 2019); United States v. Díaz-Rivera, 957 F.3d 20, 26 (1st Cir. 2020); United States v. Dávila-Bonilla, 968 F.3d 1, 10 n.7 (1st Cir. 2020); Colón-Maldonado, 953 F.3d at 9 n.8. So one might argue that evidence deemed insufficiently reliable to support a departure or variance might nevertheless be deemed reliable enough to set a within-Guidelines sentence, as the district court did here. But we see no reason why we should find a bare allegation too unreliable to support a departure, yet sufficiently reliable here. In both instances, the challenged information appears to form the basis for a longer term of immurement than the court would have imposed absent reliance on that information. And the

unreliability of the information remains constant. For that reason, we find it unsurprising that many of our admonitions against the use of unsupported allegations in mere charges contain no hint that they should apply only to some forms of sentence enhancement and not others. See Colón-Maldonado, 953 F.3d at 9- 10, 9 n.8; Díaz-Lugo, 963 F.3d at 153; cf. United States v. Amirault, 224 F.3d 9, 15 (1st Cir. 2000) (stating that "[f]rom the standpoint of due process, a district court properly may consider uncharged conduct at sentencing" only if "that conduct either is admitted or reliably proved by a preponderance of the evidence").

This case involves a criminal complaint, rather than a mere record of arrest. But the complaint, by itself, also lacks sufficient indicia of reliability to support a finding that the defendant more likely than not committed the charged conduct. See Dávila-Bonilla, 968 F.3d at 9-10; cf. United States v. Juwa, 508 F.3d 694, 701 (2d Cir. 2007). As we explained in United States v. Colón-Maldonado, a Puerto Rico criminal complaint "is just an accusation that starts off a criminal case." 953 F.3d at 2 (citing P.R. Laws Ann. tit. 34, Ap. II, §§ 5, 34). We recognize that statements made in a criminal complaint can be relied upon where there are "other 'indicia of trustworthiness'[] to permit a reasoned conclusion that the statements are . . . reliable." Id. at 10 (quoting Rondón-García, 886 F.3d at 21). But on this record, we cannot conclude that the allegations contained in the complaint

and repeated in the PSR were anything but "uncorroborated, unsworn hearsay with no other marks of reliability." Id. at 12. The district court abused its discretion in concluding otherwise.

Of course, statements made by a probation officer in a PSR following his or her investigation are sometimes deemed reliable enough by themselves to support a factual finding by the sentencing court absent any evidence to the contrary. See United States v. Arce-Calderon, 954 F.3d 379, 382 (1st Cir. 2020); United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003); United States v. Grant, 114 F.3d 323, 328 (1st Cir. 1997). Here, though, in agreeing to amend the PSR based on Castillo's objection, the probation officer made clear that in reporting this criminal charge, the probation officer was not taking any "position regarding the defendant's behavior at the time." Thus, we are not presented here with a fact asserted by a probation officer, followed by silence from the defendant. Rather, we have a careful probation officer passing along allegations made by someone else in a criminal complaint, without vouching for them and with the defendant challenging their accuracy and provenance.

The government insists that the district court relied only on a finding that Castillo's Commonwealth conviction was "violent in nature." According to the government, such a finding was supportable because Castillo necessarily pled guilty to the violent offense of "using" or "brandishing" a knife, not merely

"possessing" or "displaying" it. The government points to an unofficial translation of the Commonwealth statute underlying Castillo's conviction, P.R. Laws Ann. tit. 25, § 466e, which states that it is unlawful to "use[] . . . a knife . . . against another person, or show[] it or use[] it to commit or to attempt to commit an offense." Castillo disputes this translation and submits his own unofficial version of the statute. Castillo's proffered translation contains a comma after "show[] it," such that the statute prohibits in separate clauses "us[ing] . . . a knife . . . against another person, or show[ing] it, or us[ing] it to commit or to attempt to commit an offense." Castillo also submits an unofficial translation of the Commonwealth court judgment, indicating that he was found "guilty by confession of [a violation of section 466e] (the use is eliminated)."

We need not decide whether and to what extent we can rely on any of these submissions. Regardless of whether Castillo was convicted of using a weapon, nothing in the record provides competent proof that he did what the district court concluded he did -- cut and threatened to kill his antagonist.[1]

The government also suggests that the district court could have found Castillo was arrested and convicted for violent conduct based on his admission that he had an "antagonistic

---

[1] We accordingly deny as moot Castillo's motion to supplement the record as to this point.

interaction" with Sanchez preceding his arrest. We doubt that Castillo's words can be stretched so far. But we need not resolve the question because the district court did not rely on a mere finding that Castillo had been violent in some unspecified manner. Rather, as we have explained, it emphasized and treated as true unreliable allegations that Castillo threatened and cut Sanchez. To that extent, it clearly erred.

We cannot say that the district court's error was harmless, i.e., that it "did not affect the . . . selection of the sentence imposed." United States v. Tavares, 705 F.3d 4, 26-27 (1st Cir. 2013) (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). To be sure, there was ample other evidence relevant to sentencing. Castillo offered much mitigating evidence in support of his request for a time-served sentence, while the government pointed to examples countering that mitigation to justify a sentence of six months' imprisonment. Certainly the district court remained free to reject both requests in favor of a higher sentence, as long as it based its ultimate sentencing decision on reliable information. However, the district court's own statements made clear that it placed substantial weight on the allegations underlying the dismissed misdemeanor assault and threat charges against Castillo. And that makes sense -- if it could be shown that Castillo struck another with a knife without justification, one would expect such a fact to be given some

weight.  But, as explained above, that fact was not proven at sentencing by a preponderance of the evidence.[2]

All that remains is Castillo's request to be resentenced by a different judge.  Requests for a new judge on remand are granted "only in very unusual cases," United States v. Vázquez-Méndez, 915 F.3d 85, 88 (1st Cir. 2019), such as where "there is reason to think that a judge will base sentencing determinations on unreliable or inaccurate information" or where "the original judge displayed a 'deep-seated favoritism or antagonism that would make fair judgment impossible,'" United States v. Alvira-Sanchez, 804 F.3d 488, 496 (1st Cir. 2015) (quoting Yosd v. Mukasey, 514 F.3d 74, 78 (1st Cir. 2008)); see also United States v. Zavala-Martí, 715 F.3d 44, 56-57 (1st Cir. 2013) (remanding for resentencing by a different judge because the defendant's original life sentence exceeded the statutory maximum and was based in part on ex parte information).  This is not such an unusual case.  While the sentencing judge did err in relying on bare allegations against Castillo, she correctly calculated the Guidelines sentencing range, and she otherwise diligently and comprehensively analyzed the section 3553(a) factors before imposing a sentence.  On this

---

[2] Because we do not think the government has shown that the district court's error was harmless, we need not address Castillo's argument that the government is required to meet the even more stringent standard of showing harmlessness beyond a reasonable doubt.

record, we see no reason why the same judge could not entirely put to one side the unsupported allegations just as would any other judge to whom the case might be reassigned (and who would also be aware of the allegations from reading this opinion).

## III.

To summarize our holding:  The district court exceeded the scope of its discretion by relying on a bare allegation in the Puerto Rico criminal complaint to justify a sentence longer than otherwise would have been imposed, given that the allegation was both challenged by the defendant and unsupported by any other indicia of reliability.  We therefore <u>vacate</u> the sentence and <u>remand</u> for resentencing.[3]

Additionally, given that this appeal was briefed and argued on an expedited basis, that Castillo's current sentence is set to expire in October 2021, and that Castillo may be released even sooner if he receives a reduced sentence on remand, we <u>order</u> that the mandate shall issue within seven days of the filing of this opinion.  <u>See</u> Fed. R. App. P. 41(b) (providing that "[t]he court may shorten . . . by order" the time for issuing its

---

[3] Having found that the district court abused its discretion in relying on bare allegations of Castillo's prior criminal conduct, we need not address Castillo's argument that the district court also erred in concluding that he had not availed himself of employment.  In any event, Castillo admits that he "does not really raise [that argument] as a separate and distinct basis for reversal."

mandate); David G. Knibb, <u>Federal Court of Appeals Manual</u> § 34.12 (7th ed. 2021) ("In an expedited appeal, the court may shorten the time for issuing its mandate, but leave the losing party enough time to apply to the Supreme Court for a stay of mandate pending its preparation and filing of a petition for certiorari.").