# United States Court of Appeals
## For the First Circuit

No. 21-1528

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ COLÓN-DE JESÚS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Kayatta, Lipez, and Gelpí,
Circuit Judges.

William H. Burgess, with whom Kirkland & Ellis LLP was on
brief, for appellant.
David C. Bornstein, with whom W. Stephen Muldrow, United
States Attorney, and Mariana E. Bauzá-Almonte, Assistant United
States Attorney, Chief, Appellate Division, were on brief, for
appellee.

October 24, 2023

**GELPÍ**, <u>Circuit Judge</u>.   Defendant-Appellant José Colón-De Jesús ("Colón") appeals his twenty-four-month sentence for violating conditions of supervised release, stemming from a 2015 conviction, claiming that his sentence is both procedurally and substantively unreasonable.   Finding no error, we affirm.

## I. Background

We begin with the offense resulting in Colón's term of supervised release.   In July 2013, Colón was riding a horse on a roadway at a high rate of speed in Loíza, Puerto Rico, when police officers observed a firearm in the waistband of his pants.   After he fell from his horse, the police officers recovered a Glock firearm loaded with sixteen rounds of ammunition from the area where he landed.   Officers subsequently learned that the Glock had been modified into a machinegun.[1]   Then, during a search incident to arrest, the police officers discovered two additional magazines, each containing fifteen rounds of ammunition.   A grand jury indicted Colón for being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1),[2] and for illegal

---

[1] A "machinegun" is "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."  26 U.S.C. § 5845(b).

[2] In 2009, Colón was convicted of unlawfully possessing one round of ammunition under the laws of Puerto Rico.  Because said offense was "punishable by imprisonment for a term exceeding one year," Colón was prohibited from "possess[ing] in or affecting commerce, any firearm or ammunition."  § 922(g)(1).

possession of a machinegun, in violation of § 922(o).[3] Colón pled guilty in January 2014 to the prohibited-person-in-possession charge and received a sentence of sixty months' imprisonment, followed by three years of supervised release.[4] As a condition of supervised release, the district court ordered Colón to, among other things, not commit any new crimes, not possess or use a controlled substance, and not possess a firearm or ammunition.

In December 2017, Colón completed his prison sentence and reentered the community on supervised release. During the summer of 2018, Colón tested positive for cocaine multiple times, in violation of his conditions. Colón admitted to using cocaine and began outpatient treatment. Then, in November 2019, Colón was again arrested on firearms charges.

The events leading to Colón's 2019 arrest are as follows. While Colón was riding a bicycle in Loíza, police officers observed a pistol magazine protruding from the front left pocket of his pants. The officers stopped Colón to determine whether he had a permit to carry a firearm. After learning that he did not, the police placed Colón under arrest. The officers seized a Glock pistol from Colón's person, which they later discovered had been modified into a machinegun, as well as four high-capacity pistol

---

[3] "Machinegun" has the same meaning in § 922(o) as it does in § 5845(b). § 921(a)(24).

[4] Colón appealed his sentence, which was affirmed. See United States v. Colón De Jesús, 831 F.3d 39 (1st Cir. 2016).

magazines. The officers also recovered from Colón's backpack an AK-47 type pistol, five high-capacity rifle magazines, one high-capacity pistol magazine, one standard pistol magazine, and eighteen capsules "containing [a] white powdery substance which field-tested positive for cocaine." In total, officers seized over three hundred rounds of ammunition from Colón. This new arrest triggered revocation proceedings in Colón's supervised release case[5] and resulted in an indictment charging Colón with possession of a machinegun, in violation of § 922(o), and possession of a firearm and ammunition by a prohibited person, in violation of § 922(g)(1) (hereinafter "case 19-771").

Prior to Colón's revocation proceedings, Colón reached an agreement with the government in case 19-771 and pled guilty to the possession-of-a-machinegun charge. He was then sentenced to forty-one months' imprisonment, followed by three years of supervised release. When Colón's revocation proceedings commenced months later -- in March 2021 -- the magistrate judge flagged that the revocation motion contained allegations beyond what Colón pled guilty to in 19-771. Later, at a preliminary revocation hearing, the government represented that it sought revocation based only on Colón's alleged possession of guns and ammunition in case

---

[5] The probation officer's motion for revocation alleged that, based on Colón's new arrest, he had violated his conditions of supervised release by committing a new crime and by possessing a controlled substance.

- 4 -

19-771 -- thereby "voluntarily desisting" from seeking revocation based on Colón's alleged possession of a controlled substance. Colón subsequently filed a waiver of the preliminary revocation hearing, which was accepted by the court and resulted in a finding of probable cause for the supervised release violation allegations, except those pertaining to controlled substances.

Colón's final revocation hearing took place in May 2021. At the outset, the judge recited the facts alleged in the probation officer's revocation motion, including the facts pertaining to the seizure of capsules believed to be cocaine from Colón's backpack. The court asked whether Colón was "accepting or contesting the [supervised release] violations" and his attorney replied, "We are accepting the violations, Your Honor." Colón's attorney then went on to explain that Colón pled guilty in case 19-771, and the judge confirmed that Colón understood that his revocation was based on his new conviction.

Next came the sentencing portion of the revocation hearing. Colón's attorney requested a six-month prison sentence, citing the amount of time that Colón had spent in prison in the preceding decade, the stiff sentence he received in case 19-771, the lack of violence in his criminal record, and his issues with depression and drug dependency, as discussed in the Presentence Report ("PSR") for case 19-771. The government, in turn, requested an eighteen-month prison sentence, based on the nature of Colón's

supervised release violation -- that he was caught with a "significant amount of ammunition, a firearm, [and] now a machine gun" and "did not learn from his first [firearms] conviction." The government explained that the following mitigating evidence also factored into its sentencing recommendation: that Colón immediately admitted possession of the firearms and ammunition, pled guilty, and was remorseful for his conduct.

After the district court found that Colón violated the conditions of his supervised release, it explained that, in imposing the sentence, it was considering the "advisory sentencing guidelines," "chapter seven policy statements regarding revocation of supervised release," section 3553(a) factors, "the nature and circumstances of the violations," and "the fact that Mr. Colón of course engaged in new criminal conduct." Based on Colón's "Criminal History Category of III" and commission of a "grade A violation," the applicable sentencing range was eighteen to twenty-four months' imprisonment for the supervised release violation.[6] Further, the court noted that twenty-four months' imprisonment was the statutory maximum sentence permitted per § 3583(e).

---

[6] The Sentencing Commission has issued policy statements, as opposed to guidelines, for supervised release violations. U.S.S.G. § 7A1. Colón does not contest the district court's calculation of his sentencing range under the applicable policy statement.

After establishing the sentencing parameters, the district court explained its revocation sentence. First, the court recited Colón's criminal history. In doing so, the court noted "that in 2009, [Colón] got a conviction for drugs, and still he's dealing in cocaine. And cocaine was seized from him as well." The court went on to recite his other criminal convictions chronologically -- all of which involved the possession of guns or ammunition -- and highlighted the fact that the newest case involved "a machine gun, a larger number of ammunitions, and a larger number of magazines." The court stressed that Colón engaged in "increased criminal activity" or "increased seriousness in the type of criminal activity." Second, the court emphasized that Colón engaged in the conduct at issue while on supervised release, demonstrating "blatant disregard for the instructions of the probation officer" and "his conditions of supervised release." The court further remarked that Colón's conduct "certainly denotes that he hasn't learned from previous incarceration and experiences." Third, the court explained that Colón "had [previously] been given the chance to rehabilitate and adjust" and "disregarded the opportunities so given to him," citing his prior supervised release violations for positive drug tests. The court acknowledged the mitigation evidence presented by Colón's attorney, specifically that Colón had never been charged with violent offenses. Nevertheless, the court balanced said evidence

against the potential for harm associated with the possession of a machinegun, explaining that the potential for harm factored into the court's consideration of the seriousness of the offense. The district court sentenced Colón to twenty-four-months' imprisonment based on "the seriousness of [his] repeated conduct," and the hearing concluded without objection from Colón's attorney. This appeal followed.[7]

## II. Discussion

On appeal, Colón raises both procedural and substantive challenges to the reasonableness of his sentence for violating his supervised release conditions. We first tackle his procedural claims of error. See Gall v. United States, 552 U.S. 38, 51 (2007) (explaining that procedural challenges should be addressed before turning to substantive concerns); Ayala-Lugo, 996 F.3d at 55 (same).

### A. Procedural Reasonableness Claims

The Supreme Court has defined "significant procedural error[s]" to include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

---

[7] Colón's notice of appeal was untimely as originally filed; however, the district court granted his motion to extend the deadline to appeal, thus rendering his notice of appeal timely. See United States v. Ayala-Lugo, 996 F.3d 51, 57 n.2 (1st Cir. 2021).

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. Here, Colón contends that the district court committed procedural error at sentencing by relying on the unsubstantiated allegation that "cocaine was seized from [Colón]" and by making the erroneous finding that Colón was "dealing in cocaine." While we normally review alleged procedural errors under an abuse-of-discretion standard, id., having raised no objection below, Colón concedes that our review of his procedural claims is for plain error, see United States v. Millan-Isaac, 749 F.3d 57, 66 (1st Cir. 2014).

"To survive plain-error review and merit resentencing, a defendant must make four showings: (1) an error occurred, (2) that was clear or obvious, (3) that affected his substantial rights, and (4) that seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. (citing United States v. Olano, 507 U.S. 725, 732-37 (1993)). We begin with Colón's "seizure" claim.

### 1. District Court's "Seizure" Statement

Colón contends that the district court's finding -- that "cocaine was seized from him" -- constitutes obvious error because it came from an unsubstantiated report, thus violating our holding in United States v. Marrero-Pérez that "no weight should be given in sentencing to arrests not buttressed by convictions or

independent proof of conduct." 914 F.3d 20, 22 (1st Cir. 2019). The facts before us now, however, are quite distinguishable from those presented in Marrero-Pérez. There, the district court relied upon several arrest allegations in a PSR -- all of which lacked detail or were unaccompanied by a conviction -- in imposing an upwardly variant sentence. Id. at 22-23. We concluded that it was error for a sentencing judge to equate a bare arrest allegation with guilt, absent "some greater indicia of reliability that the conduct underlying the arrest took place." Id. at 23-24.

Here, unlike Marrero-Pérez, there is no claim that the district court "equate[d] arrest with guilt." Id. at 23. First, the district court referenced Colón's conduct at sentencing, not an arrest. See United States v. Mercer, 834 F.3d 39, 49-50 (1st Cir. 2016) (distinguishing between a district court relying on dismissed charges and "relying on certain conduct that took place in connection with the dismissed charges"). Second, Colón does not argue that, in stating "cocaine was seized from him," the district court improperly inflated his sentence because it considered him guilty of the crime of drug possession for sentencing purposes.

Rather, we understand Colón to be arguing more broadly that it was error for the district court to rely, at sentencing, on the allegation that Colón possessed cocaine at the time of his 2019 arrest because said allegation was unsubstantiated, meaning

that the court lacked "indicia of reliability that the conduct . . . took place." Marrero-Pérez, 914 F.3d at 24. In support of this argument, Colón points out that the only details pertaining to his arrest with cocaine came from the probation officer's recitation of the facts, in the motion to revoke supervised release in the present case and the PSR for case 19-771.[8]

It is well established in our circuit that "factual findings made at sentencing must be supported by a preponderance of the evidence." United States v. Rivera-Ruiz, 43 F.4th 172, 181 (1st Cir. 2022) (quoting United States v. Castillo-Torres, 8 F.4th 68, 71 (1st Cir. 2021)). Meaning that, to avoid error, "a sentence must be based on 'information [that] has sufficient indicia of reliability to support its probable accuracy.'" Id. (quoting United States v. Morgan, 384 F.3d 1, 5 (1st Cir. 2004)); U.S.S.G. § 6A1.3(a). A court's finding is erroneous if it is "based solely on unreliable evidence." Castillo-Torres, 8 F.4th at 71.

Turning to the case at hand, we discern no error in the district court's reliance on the PSR in case 19-771 for its finding that "cocaine was seized from [Colón]." We have previously explained that a district court does not err by relying on

---

[8] It is undisputed by the parties that Colón did not plead guilty to any drug-related offense in case 19-771 and that, when offered the opportunity to substantiate the drug allegations at a probable cause hearing for the supervised release violations, the government declined to do so.

unobjected-to portions of a PSR at sentencing because, "generally, a PSR bears sufficient indicia of reliability." United States v. Díaz-Rivera, 957 F.3d 20, 27 (1st Cir. 2020) (quoting United States v. Rondón-García, 886 F.3d 14, 25 (1st Cir. 2018)); see also United States v. Portell-Márquez, 59 F.4th 533, 537-38 (1st Cir. 2023) ("We have found such indicia of reliability to be present where the defendant . . . did not object to a [PSR] setting forth the conduct [underlying the arrest]."); Rivera-Ruiz, 43 F.4th at 184 (concluding that the district court did not err in relying on an administrative complaint at sentencing where the allegations underlying the complaint were sufficiently detailed in the unobjected-to PSR and thus "supported a finding that the underlying conduct more likely than not occurred"); United States v. Miranda-Díaz, 942 F.3d 33, 40 (1st Cir. 2019) ("Where conduct surrounding a dismissed charge is 'set forth in undisputed portions of the [PSR],' the district court is 'entitled to rely on that conduct when sentencing' the defendant." (quoting Mercer, 834 F.3d at 50)).

Here, Colón did not object to the district court's consideration of the PSR for case 19-771 during sentencing on his supervised release violation. In fact, Colón referenced the PSR multiple times in support of his own argument for a more lenient sentence. Nor did Colón object to the factual allegations contained within said PSR. The PSR, in its discussion of "The

- 12 -

Offense Conduct" underlying case 19-771, stated that law enforcement seized the bag that Colón was carrying when he was arrested and that the bag contained, among other things, "[e]ighteen (18) capsules containing [a] white powdery substance which field-tested positive for cocaine." Colón's failure to object to the PSR alone rendered it sufficiently reliable to anchor the district court's finding that "cocaine was seized from him" under our existing precedent. See United States v. Cruz-Olavarria, 919 F.3d 661, 665-66 (1st Cir. 2019) (explaining that it was proper for the district court to consider dropped drug charges at sentencing for a supervised release violation because "the unchallenged facts surrounding [the defendant's] arrest [were] contained in the [PSR]"); Mercer, 834 F.3d at 50 (concluding that the district court did not err at sentencing in relying on "conduct that took place in connection with [defendant's] dismissed charges . . . [b]ecause that conduct was set forth in undisputed portions of the PSR").

Here, however, other "indicia of reliability" support the district court's finding that Colón possessed cocaine when he was arrested in 2019. For example, Colón admitted to using cocaine in August 2018, in violation of his supervised release conditions, after testing positive for the substance multiple times. Additionally, Colón admitted to continued drug use during his sentencing argument for the supervised release violation,

specifically referring the district court to the PSR's substance abuse section, which discussed his cocaine use. These admissions, coupled with the unobjected-to facts in the PSR, make it more likely than not that "cocaine was seized from [Colón]" when he was arrested in 2019. See United States v. Rodríguez-Reyes, 925 F.3d 558, 565 (1st Cir. 2019) (concluding that evidence supported the district court's finding that the defendant engaged in conduct underlying his drug possession charges where defendant admitted to drug use in his sentencing memorandum, tested positive for marijuana, and did not object to the PSR's discussion of his drug use). Thus, we find no error in the district court's "seizure" statement.[9]

## 2. District Court's "Dealing" Statement

Next, Colón claims that the district court procedurally erred in finding that "still [Colón is] dealing in cocaine" because no factual support exists in the record for the assertion. Colón's argument presumes that, when the district court said, "dealing in," it meant "selling." In support of his interpretation, Colón cites Merriam-Webster's first definition of "deal in," meaning "to buy and sell (something) as a business," along with numerous examples where courts, including our own, have used the term

---

[9] Given that Colón's revocation proceedings were intrinsically intertwined with case 19-771, he cannot reasonably claim surprise that his PSR was later used as it was.

"dealing in" to mean "selling" in the context of drugs. Deal in, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/deal%20in (last visited Oct. 18, 2023). Per Colón, the only drug-related evidence in the record was that he personally used cocaine, thus the district court's finding about "dealing" was erroneous.

The government, also citing case law and a Merriam-Webster definition, responds that "dealing in" can mean "to use or be involved in (something)." Id. (referencing second definition of "deal in"). Countering Colón's criticism that said definition only applies to "concepts or intangibles," the government points us to the historical usage of "deal," which the government argues means to "use or consume" in the cited example referring to malt liquor. Deal, Definition II.15, Oxford English Dictionary Online, https://www.oed.com/dictionary/deal_v?tab=meaning_and_use-paywall#7525250 (last visited Oct. 18, 2023) ("All malt liquors fatten, or at least bloat; and I hope you do not deal much in them." (citation omitted)). According to the government, the district court did not err in finding that "still [Colón is] dealing in cocaine" because, as discussed supra, sufficient evidence was presented at sentencing that he continued "to use" or "be involved" with cocaine.

Recall, as outlined above, that we review Colón's procedural challenges for plain error only and that, to prevail, he must show, among other things, that a "clear or obvious" error

- 15 -

occurred.  Millan-Isaac, 749 F.3d at 66 (citing Olano, 507 U.S. at 732-37).  For reasons discussed infra, we conclude that Colón has not met his burden.

Whether the district court's finding -- that Colón was "dealing in cocaine" -- was erroneous depends on the district court's intended meaning of "dealing."  While we agree with Colón that "dealing" often means "selling" in the context of drugs, the government has proffered another plausible interpretation of the term used here.  The government's "to use" or "be involved" with interpretation of "dealing" finds support in the cited dictionary definitions but also in the record when viewed as a whole.  Here, the only reference to drugs at sentencing involved Colón's possession or personal use of substances -- there was no evidence of drug sales -- thus making it plausible that the district court meant "use" or "involvement" when it said "dealing."[10]  Further, the district court referenced Colón's 2009 drug conviction immediately prior to its statement that "still he's dealing in cocaine."  The use of "still" here suggests that the district court was referring to this past conduct, which involved possession of

---

[10] Colón argues that it is precisely the lack of evidence of drug sales that renders the district court's "dealing" finding erroneous.  Said argument would be more compelling if there was no evidence in the record whatsoever pertaining to drugs.  Where, as here, there is such evidence, we must consider whether the government's interpretation of the district court's "dealing" statement can be rationally reconciled with the record.

an illegal substance, to indicate that Colón continued to engage in the same conduct, despite his prior conviction.[11]   Viewed in context, we cannot conclude that the government's suggested interpretation is irrational.

Having been presented with two plausible interpretations of "dealing," we find the district court's use of the term ambiguous.  Given this ambiguity, we cannot find that the alleged error, if one occurred at all, was "clear or obvious."  See United States v. Walker-Couvertier, 860 F.3d 1, 13 (1st Cir. 2017) (declining to give the "most pernicious meaning" to ambiguous language on appeal in concluding no plain error, particularly "where the defendant[] did not contemporaneously object" (alteration in original) (quoting United States v. Sepulveda, 15 F.3d 1161, 1188 (1st Cir. 1993))); United States v. Pacheco, 434 F.3d 106, 115 (1st Cir. 2006) (holding that no plain error occurred where ambiguity "shroud[ed] the district court's statements" pertaining to a directed verdict); United States v. Munson, 819 F.2d 337, 344 (1st Cir. 1987) (concluding that the defendant failed to establish plain error on appeal where the statements at issue were "subject to various interpretations").  Having failed to

---

[11] There is some factual dispute about whether Colón's 2009 conviction involved cocaine or marijuana.  We note that, at sentencing, Colón's counsel represented that the 2009 conviction was for cocaine.  Nevertheless, the salient point here, which is undisputed, is that the prior conviction was for possession of a substance, not for selling it.

object before the district court, which could have clarified what it meant by "dealing in," Colón "cannot now use the ambiguity as a basis for assigning error." Munson, 819 F.2d at 344. As such, we discern no plain error in the district court's "dealing" statement.[12] Having resolved Colón's procedural claims of error, we turn next to his substantive challenges. See Gall, 552 U.S. at 51; Ayala-Lugo, 996 F.3d at 55.

### B. Substantive Reasonableness Claims

We note at the outset that Colón did not object to the substantive reasonableness of his sentence below. Citing Holguin-Hernandez v. United States, he asserts that, because he argued for a shorter sentence than the one imposed, his challenges to the substantive reasonableness of his sentence are preserved

---

[12] Even if we were to assume for argument's sake that the district court's "dealing" statement amounted to "clear or obvious error," Colón fails to persuade us that said hypothetical error "affected his substantial rights." Millan-Isaac, 749 F.3d at 66 (citation omitted). To meet this burden, Colón must show that "there is 'a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence.'" United States v. Rodríguez–Meléndez, 828 F.3d 35, 39 (1st Cir. 2016) (quoting United States v. González–Castillo, 562 F.3d 80, 83 (1st Cir. 2009)). While he is correct that the erroneous finding need only be a "salient" factor in the district court's sentencing analysis, see id., his claim still falls short. It is evident from the record that the district court's top-of-the-Guidelines sentence was driven by the court's concern over Colón's repeated unlawful possession of weapons, which increased in severity (in terms of the type of firearm possessed, as well as the amount of ammunition), posed a great danger, and demonstrated Colón's lack of remorse. Thus, even assuming favorably to Colón that the district court's "dealing" statement was made in error, his challenge still misses the mark.

and that our review is for abuse of discretion. 140 S. Ct. 762, 766 (2020). The government concurs with Colón but only insofar as he raises a general claim that his sentence is unreasonably long. Colón's claims on appeal go further, however, as he argues that the district court erred by failing to provide a case-specific rationale for its sentencing decision and by placing undue weight on the seriousness of the offense. The government contends that these specific claims are unpreserved and should be reviewed only for plain error, which Colón waived when he failed to argue the plain error standard in his opening brief.

We agree with the government for the reasons that we proceed to explain. In Ayala-Lugo, we held that "a general objection to the [procedural and substantive] reasonableness of [a] sentence . . . is not sufficient to give the district court notice of the specific issue raised on appeal." 996 F.3d at 56-57 (internal quotations omitted) (applying plain error review to unpreserved procedural and substantive claims); see also United States v. Carrasquillo-Sánchez, 9 F.4th 56, 58 (1st Cir. 2021) (concluding that an objection "to the length of the sentence imposed" preserved only a claim that the sentence was substantively unreasonable "due to its length and independent of the adequacy of the explanation offered by the District Court in support of it"). Moreover, we have found challenges to the adequacy of a court's sentencing explanation, when framed as a procedural error,

preserved only where the defendant raised specific objections before the district court.[13] See United States v. Rivera-Berríos, 968 F.3d 130, 134 (1st Cir. 2020) (finding procedural claim of error pertaining to the adequacy of the court's sentencing explanation preserved where defendant's "counsel made clear that he believed that . . . the court had not articulated any cognizable grounds that would support an upward variance"); United States v. García-Pérez, 9 F.4th 48, 52-53 (1st Cir. 2021) (concluding that a procedural claim was preserved where the defendant argued, before the district court, "'that the Court gave little weight to mitigating factors' and 'that the Court gave excessive weight to aggravating factors'"). Absent specific objections made to the district court, we review for plain error. United States v. Muñoz-Fontanez, 61 F.4th 212, 214 (1st Cir. 2023) (applying plain error review to an unpreserved procedural challenge to the adequacy of the district court's sentencing explanation). Here, Colón did not raise before the district court any of the specific, substantive challenges that he now argues on appeal, thus they are unpreserved and plain error review applies. Ayala-Lugo, 996 F.3d at 56-57. And, because he failed to argue

---

[13] United States v. García-Pérez, 9 F.4th 48, 52 n.1 (1st Cir. 2021) ("Under our precedents, [an inadequate explanation] argument 'can be characterized as either a [claim of] procedural error or a challenge to the substantive reasonableness of the sentence.'" (second alteration in original) (quoting United States v. Crespo-Ríos, 787 F.3d 34, 37 n.3 (1st Cir. 2015))).

the plain error standard in his opening brief, his specific challenges to the substantive reasonableness of his sentence are waived.[14]  See United States v. Espinoza-Roque, 26 F.4th 32, 36 (1st Cir. 2022) ("[Defendant] waived [the] claim on appeal by failing to address the governing standard of plain error review in his opening brief.").

Nevertheless, Colón, by arguing for a more lenient sentence than the one that the district court imposed, adequately preserved his claim that his sentence was unreasonably long.  See Holguin-Hernandez, 140 S. Ct. at 766.  We review preserved challenges to the substantive reasonableness of a sentence for abuse of discretion.  United States v. Vargas-Martinez, 15 F.4th 91, 102 (1st Cir. 2021).  "When evaluating [said challenges], 'the key inquiry is whether the sentencing court has articulated a plausible rationale and reached a defensible result.'"  United States v. De Jesús-Torres, 64 F.4th 33, 40 (1st Cir. 2023) (quoting United States v. Coombs, 857 F.3d 439, 452 (1st Cir. 2017)).  We remain mindful that "[t]here is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes."  United States v. Clogston, 662 F.3d 588, 592 (1st Cir.

---

[14] We note that, even after the government asserted in its opening brief that plain error review applied to Colón's specific substantive claims, Colón made no effort in his reply brief to argue plain error.  Instead, Colón simply maintained that his claims were adequately preserved.

2011) (citation omitted).  With these principles in mind, we turn to the case at hand.

Here, the sentence imposed by the district court -- twenty-four months' imprisonment -- fell within the range provided by the Sentencing Commission's applicable policy statement, which was eighteen to twenty-four months.  U.S.S.G § 7B1.4(a).  Given that Colón's sentence falls "within [the] properly calculated guideline range, challenging its substantive reasonableness involves a 'heavy lift.'"  De Jesús-Torres, 64 F.4th at 41 (citation omitted).  To meet this burden, Colón "must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons." Clogston, 662 F.3d at 593 (quoting United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011)).  His arguments fail to convince us.

First, unlike the circumstances in United States v. Franquiz-Ortiz, 607 F.3d 280 (1st Cir. 2010), cited by Colón, the district court here explained the basis for its sentencing decision.  In addition to hearing from the parties, the district court considered the § 3553(a) factors, "the nature and circumstances of the violations," and Colón's specific conduct -- "being in possession of . . . 352 rounds of ammunition, the Glock pistol, which is the machine gun and basis for the conviction in the [new] case, an AK-47 pistol, and [eleven]

- 22 -

magazines of which four were high capacity."  In support of its sentence, the district court recited Colón's criminal history and pointed to the fact that his supervised release violation represented "increased criminal activity, or increased seriousness in the type of criminal activity," given that he possessed a machinegun (unlike his prior conviction for possessing a firearm) and a larger number of magazines and ammunition.  The district court also explained that the fact that Colón engaged in this conduct while on supervised release demonstrated "blatant disregard for the instructions of the probation officer, his conditions of supervised release, and certainly denote[d] that he hasn't learned from previous incarceration and experiences."  The court credited Colón's lack of a violent record but stated that it did not erase the potential for harm associated with the possession of a machine gun, which factored into the seriousness of the offense.[15]  Also weighted into the decision was the fact that Colón "had been given the chance to rehabilitate and adjust" -- a reference to his prior violations for positive drug tests -- but that "he disregarded the opportunities so given to him."  The court imposed the maximum sentence in light of "the seriousness of the

---

[15] While Colón takes issue with the district court's treatment of evidence "weighing against a statutory-maximum sentence," we have previously made clear that the fact "[t]hat the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable."  Clogston, 662 F.3d at 593.

repeated conduct" of Colón.  We find nothing implausible about the district court's sentencing rationale.

Further, the maximum sentence imposed here represents a defensible result.  To the extent that Colón argues that he should have received a lighter revocation sentence because he was already punished for his conduct in case 19-771, we find his argument unavailing.  Our case law establishes "that when a supervised releasee 'transgresses the criminal law as well as the conditions of supervision, there is no legal impediment in sentencing [him] both as a criminal and as a supervised release violator.'"  United States v. Tanco-Pizarro, 892 F.3d 472, 483 (1st Cir. 2018) (quoting Coombs, 857 F.3d at 451).  Here, Colón, who was on supervised release following a conviction for being a prohibited person in possession of a firearm, was found, yet again, in possession of firearms, one of which was a machinegun, as well as in possession of over three hundred rounds of ammunition and multiple magazines.  And this came after Colón had already violated his supervised release by testing positive for cocaine on at least three occasions and was referred to treatment instead of being revoked.  Given these circumstances, the imposition of the maximum sentence allowed was a defensible result.

Finding no abuse of discretion in the length of Colón's sentence and his other specific challenges waived, we conclude that Colón's sentence was substantively reasonable.

## III. Conclusion

Having resolved Colón's procedural and substantive challenges, his revocation sentence is **<u>affirmed</u>**.